**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| Roudell Kirkwood, | ) Chapter 13 |
| | ) |
| Debtor. | ) Case No. 15-41449 |
| | ) |
| | ) Hon. Judge A. Benjamin Goldgar |
| | ) |

**NOTICE OF MOTION**

TO:   SERVICE LIST

PLEASE TAKE NOTICE THAT on **November 15, 2019, at 9:30 a.m.**, **MOTION OF STATE BANK OF THE LAKES FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR'S STAY** shall be heard by the **Honorable Judge A. Benjamin Goldgar** of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at the Park City Branch Court, Courtroom B, 301 S. Greenleaf Avenue, Park City, Illinois 60085.  A copy of the same is attached hereto and thereby served upon you.

_/s/ Aaron D. White, Jr._
Aaron D. White, Jr.

**AFFIDAVIT OF SERVICE**

I, Aaron D. White, Jr., an attorney, certify that I served the foregoing by mailing a copy of it to those persons identified below by depositing the same in the United States Mail at 30 S. Wacker, Chicago, Illinois on October 30, 2019 with proper postage prepaid and by electronic filing, to the persons identified below through the Court's ECF Filing System on October 30, 2019.

_/s/ Aaron D. White, Jr._
Aaron D. White, Jr.

Aaron D. White, Jr. (ARDC# 6301177)
CHUHAK & TECSON, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 444-9300
awhite@chuhak.com

4839-5207-1339.1.24182.65525

- 2 -

## SERVICE LIST

**VIA CM/ECF**

Patrick S. Layng, U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov
*(U.S. Trustee)*

Glenn B. Stearns
801 Warrenville Rd., Ste 650
Lisle, IL 60532
630-981-3888
mcguckin_m@lisle13.com
*(Trustee)*

David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090
847-520-8100
davidsiegelbk@gmail.com
*(Attorney for Debtor)*

**VIA U.S. MAIL**

Roudell Kirkwood
1511 Laurel Ave.
Waukegan, IL 60085
*(Debtor)*

Deborah Kirkwood
1511 Laurel Ave.
Waukegan, IL 60085
*(Co-Debtor)*

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Roudell Kirkwood, | ) | Case No. 15-41449 |
| | ) | |
| | ) | Hon. Judge A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | Motion Date:  November 15, 2019 |
| | ) | Motion Time:  9:30 a.m. |

### MOTION OF STATE BANK OF THE LAKES FOR
### RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR'S STAY

State Bank of The Lakes ("Creditor"), a secured creditor in the above-captioned case, by its undersigned attorneys, moves the Court for entry of an order terminating: (1) the automatic stay pursuant to Section 362(d) of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 362(d), and Federal Rule of Bankruptcy Procedure 4001(a)(1); and (2) the co-debtor's stay pursuant to Section 1301(c) of the Bankruptcy Code, 11 U.S.C. § 1301(c).  In support thereof, Creditor states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§§ 361, 362 and 363.

2. Venue is proper in this Court pursuant to Section 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 13 bankruptcy proceeding, which is currently pending before this Court.

### FACTUAL BACKGROUND

3. The Debtor, Roudell Kirkwood ("Debtor"), filed for relief under Chapter 13 of

Title 11 of the Bankruptcy Code on December 8, 2015. The Debtor's amended bankruptcy plan was confirmed on April 29, 2016.

4. Creditor has a secured interest in the Debtor's property, commonly known as 1511 Laurel Avenue, Waukegan, Illinois 60085 ("Property"), by virtue of: (1) a first mortgage executed by Debtor and non-bankruptcy debtor Deborah Kirkwood ("Co-Debtor") in favor of Creditor, and dated April 26, 2006 ("Mortgage 1"), to secure a note in the principal amount of $118,000.00 ("Note 1"); and (2) a second mortgage executed by Debtor in favor of Creditor, and dated April 26, 2006 ("Mortgage 2"), to secure a note in the principal amount of $50,000, as subsequently modified ("Note 2"). Attached hereto as Group Exhibit 1 are true and correct copies of Note 1 and Mortgage 1 (collectively, "First Mortgage"), and as Group Exhibit 2 true and accurate copies of Note 2 and Mortgage 2 (collectively, "Second Mortgage").

## RELIEF SOUGHT

5. Pursuant to Section 362(d) of the Bankruptcy Code, a party in interest may receive relief from the automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d).

6. Debtor's confirmed plan provides for ongoing monthly mortgage payments of $242.00 as to the Second Mortgage to be made directly by Debtor.

7. Debtor has fallen behind on his plan payment obligations to Creditor for the Second Mortgage. As of filing of this Motion, Debtor is due for all post-petition payments from May 2018 through October 2019, for a total post-petition default on the Second Mortgage of

$4,356.00. In addition, Creditor has incurred attorneys' fees and court costs in connection with filing of the instant Motion.

8.  The automatic stay should be modified for "cause" due to Debtor's default on his post-petition mortgage payments. "Failure to make post-confirmation payments can constitute cause for lifting the stay." *In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). As explained by one bankruptcy court,

> The issues of adequate protection and equity in the property are irrelevant in the face of post-confirmation payment defaults because creditors are entitled to rely upon the debtors' responsibilities to make their post-confirmation payments. The debtors are not required to remain in Chapter 13 if they cannot satisfy the obligations which they proposed as feasible and which they voluntarily assumed.

*In re Davis*, 64 B.R. 358, 359-60 (Bankr. S.D.N.Y. 1986)). Here, the Debtor has defaulted on his post-confirmation payment obligations on the Second Mortgage, so the stay should be lifted to allow Creditor to proceed with foreclosure of the Property.

9.  Although the Debtor is current on his post-petition mortgage payments for the First Mortgage, the "1-4 Family Rider" attached to Mortgage 1 contains a cross-default provision, whereby Debtor's default on the Second Mortgage constituted a default on the First Mortgage. Based on this default, Creditor also seeks stay relief as to the First Mortgage.

10. Further, Creditor requests, pursuant to Section 1301(c) of the Bankruptcy Code, that the stay as to Co-Debtor be lifted. Debtor has defaulted on his post-petition mortgage payments to Creditor, despite said payments being a required obligation under the amended bankruptcy plan proposed by Debtor and subsequently confirmed by the Court. Accordingly, Creditor would be irreparably harmed by continuation of the co-debtor stay.

WHEREFORE, State Bank of The Lakes prays that this Court enter an order:

A.  Modifying the automatic stay and non-bankruptcy co-debtor's stay as to both the First Mortgage and Second Mortgage to permit it to foreclose its interest in the Property or to

otherwise enforce its mortgage liens on the Property;

  B.  Waiving the stay of enforcement under Rule 4001; and

  C.  Granting such other and further relief as this Court deems just and proper.

             **STATE BANK OF THE LAKES**

            By: *[signature: Aaron D. White Jr.]*

              One of Its Attorneys

Aaron D. White, Jr. (#6301177)
CHUHAK & TECSON, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606
(312) 855-6414
awhite@chuhak.com