# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Roudell Kirkwood | ) | Case No. 15-41449 |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor | ) | Judge A. Benjamin Goldgar |
| | ) | |

### TRUSTEE'S REPLY TO STATE BANK OF THE LAKES' RESPONSE TO TRUSTEE'S NOTICE OF FINAL CURE UNDER RULE 3002.1 (f)

Glenn Stearns, Chapter 13 Standing Trustee, replies to State Bank of the Lakes' response as follows:

1. On December 8, 2015, the debtor filed petition under Chapter 13.

2. Debtor's Schedule D lists State Bank of the Lakes as the holder of debtor's first and second mortgage on their primary residence.

3. Without any objections filed, the court confirmed the plan dated 4/28/16 [docket #31] on 4/29/16.

4. The debtor's confirmed plan listed $40,961.00 and $5,000.00 in Section E paragraph 5 in arrears owed to State Bank of the Lakes on debtor's first and second mortgage.

5. State Bank of the Lakes never filed a proof of claim.

6. On 4/22/16 debtor's attorney filed timely proof of claims on behalf of State Bank of the Lakes, listing $40,961.00 and $5,000.00 in arrears.

7. The Trustee paid, and State Bank of the Lakes accepted, $40,961.00 for the first mortgage and $5,000.00 for the second mortgage per the terms of the confirmed plan.

8. State Bank of the Lakes recently participated in this case by entering into an Agreed Repayment Order on 2/19/20.  No mention of any discrepancy in the arrears amounts was given.

9. The Trustee's office filed a Notice of Final Cure Payment per Rule 3002.1 on 6/19/20.

10. State Bank of the Lakes filed a response to the cure notice on 7/10/20.

11. In their response, State Bank of the Lakes states they disagree that the debtor paid in full the amount required to cure the prepetition default of the creditor's claim, and further lists the total prepetition amount remaining unpaid as of the date of the response as $26,532.22 on the first mortgage and $9,149.98 on the second mortgage.

12. Section B.2.(a) of the confirmed plan states: "If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition."

13. The debtor has paid the cure amount specified in Paragraph 5 of Section E of the confirmed plan and according to State Bank of the Lakes' response the debtor is current with all postpetition payments.

Respectfully Submitted;

/s/  Glenn Stearns
FOR:  Glenn Stearns, Chapter 13 Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenvill Road, Suite 650
Lisle, IL 60532-4350