**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ROUDELL KIRKWOOD, | ) | No. 15 B 41449 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER FOR VIDEO HEARING

This matter is set for an evidentiary hearing on September 16, 2020, at 9:30 a.m. on the debtor's motion for determination of final cure and payment under Rule 3002.1.  In accordance with General Order No. 20-5, the hearing will be held remotely by videoconference using the Zoom for Government videoconferencing platform.  No participants will be physically present in the courtroom.  The COVID-19 public health emergency constitutes good cause in compelling circumstances for holding the hearing remotely by conference.  Zoom for Government and this Order provide appropriate safeguards.

At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Continuances.**  The hearing date is firm.  No continuance of the hearing date will be granted other than for good cause shown.

**2. Discovery.**  No party has expressed a desire to take discovery.  Discovery is closed.

**3. Dispositive Motions.**  No party has expressed a desire to file any potentially dispositive motions.  No potentially dispositive motions will be entertained.

**4. Participation by Video.**

    **a. Connecting to Zoom.**  Before the hearing date, chambers staff will provide a link or URL (internet address) that will allow participation in the hearing.  To participate, an attorney or witness must click on the link (paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

    **b. Required Equipment.**  Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

        **i. Video.**  To use the video portion of Zoom, each attorney and witness must have a computer equipped with (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the

purpose of reviewing exhibits.  It is not necessary to download and install Zoom software.

          **ii.  Audio.**  To use the audio portion of Zoom, each attorney must have *either* (a) a computer equipped with a microphone and speakers *or* (b) a telephone.  If the telephone is a cellular phone, the attorney or witness must be in a location with service adequate to provide clear audio.

     **c.  Witness Testimony.**  All witnesses will be placed under oath, and their testimony will have the same effect as if they were testifying in open court.  Each witness must testify from a quiet room.  Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video.  While a witness is under oath and testifying, no person may be in the same room, the witness may have no documents in the room except exhibits the parties have submitted, and the witness may not communicate in any fashion with anyone other than the questioning attorney and the judge.  If the witness and the witness's attorney need to communicate, the attorney must request a recess.

     **d.  Subpoenas to Third-Party Witnesses.**  Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The hearing will be conducted remotely by videoconference in accordance with the attached Pretrial Order."  A copy of the Pretrial Order must be attached to the subpoena and served on the witness.

**5.  Technical Pre-Hearing Conference.**  On September 11, 2020, at 1:30 p.m., the court will hold a technical pre-hearing conference to test the video technology.  All parties and witnesses (except third-party witnesses) and all interpreters must participate.  All participants are admonished not to discuss the substance of the hearing at the pre-hearing conference and instead limit their comments to the functioning of the video technology and related procedural matters.

**6.  Courtroom Formalities.**  Though held remotely by videoconference, the hearing constitutes a judicial proceeding.  No one except the assigned court reporter or another person that the court directs may record the audio or video of the hearing.  Formalities of a courtroom will be observed.  Participants must dress appropriately and must conduct themselves in a suitable manner.

**7.  Exhibits and Exhibit Lists.**

     **a.  Exhibits.**  Fourteen (14) days before the hearing date, each party must file with the court, provide to each other, and provide to each witness a copy of each exhibit the party may use at the hearing for any purpose.  Each exhibit must be provided electronically as a separate pdf (Adobe Acrobat) file.  Attorneys are responsible for ensuring that each pdf file can be opened successfully.  Each exhibit must be clearly and sequentially numbered in the order of its probable presentation at the hearing.  Each document must have a separate exhibit number.

     **b.  Exhibit Lists.**  Each party must also file on the due date and provide to each other a list of the party's exhibits.

     **c.  Objections.**  No later than seven (7) days after receiving the opposing party's

exhibits and exhibit list, each party must file and serve a list stating as to each exhibit whether there is an objection to the exhibit's admission. Relevance objections need not be listed and are reserved for the hearing. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

**8. Witnesses and Witness Lists.** Fourteen (14) days before the hearing date, each party must file with the court and provide to each other a list of all witnesses the party intends to call at the hearing. The list must be divided into two categories: (a) witness who *will* be called to testify, and (b) witnesses who *may* be called to testify. For each witness, the list must provide the witness's name, email address, and telephone number (in case of an interruption in the video or audio portion of the hearing) as well as a brief description of the subject matter of the witness's testimony.

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

**9. Trial Briefs.** Trial briefs are not required. If a party chooses to file a trial brief, the brief is due no later than seven (7) days before the hearing date. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief should (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

**10. Compliance with this Order**. Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

**a.** Any exhibit a party fails to list and exchange will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

**b.** Any witness a party fails to list will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

Dated: August 7, 2020

                                                                    A. Benjamin Goldgar
                                                                    United States Bankruptcy Judge