**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | 15-41449 |
| | ) | |
| ROUDELL KIRKWOOD, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Judge: GOLDGAR |

### JOINT STIPULATION OF FACTS

The attorneys for Debtor, Debtor, State Bank of the Lakes ("Creditor"), and attorney for Creditor agree that the following Stipulation of Facts are true and correct and agree to stipulate to the following facts for the purposes of the Evidentiary Hearing set for September 16, 2020, on the Debtor's Motion to Determine Final Cure and Payment re: Rule 3002.1.

The parties have agreed to rely on the facts presented in this Joint Stipulation in lieu of presenting witness and evidence at the Evidentiary Hearing. The parties stipulate that there are legal issues presented that require a briefing schedule.

### Stipulation of Facts

1) On December 8, 2015, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 under Title 11 USC.

2) The case was confirmed on April 29, 2016, with general unsecured creditors receiving 100% of their allowed claims.

3) Section B(2)(a) of Debtor's confirmed Chapter 13 Plan states: "*Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition."

4) Paragraph 5 of Section E of Debtor's confirmed Chapter 13 Plan states:

"5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
   (a) To creditor **State Bank Of The Lake**, arrears of $40,961.00, payable monthly from available funds, pro rata with other mortgage arrears, without interest. These arrearage payments, over the term of the plan, are estimated to total $40,961.00.
   (b) To creditor **State Bank Of The Lake**, arrears of $5,000.00, payable monthly from available funds, pro rata with other mortgage arrears, without interest. These arrearage payments, over the term of the plan, are estimated to total $5,000.00."

5) Creditor did not file a claim for its mortgage arrears nor did it file an objection to Debtor's Chapter 13 plan. Therefore, Debtor filed claims on behalf of Creditor to ensure Creditor was paid through Debtor's plan.

6) Debtor finished his plan payments in June of 2020.

7) Creditor accepted and cashed every payment sent to it from Trustee Stearns' office.

8) Trustee Stearns filed two Notices of Payment of Final Mortgage Cure Under Rule 3002.1(f). Both notices state that Debtor has paid the amount necessary to cure his pre-petition mortgage arrears according to the plan.

9) Creditor responded to the notices stating that there were pre-petition arrearages to still be paid that were not included in the claim or plan.

10) Creditor states in its Response to Notice of Final Cure Payment for Claim #7 that Debtor still has a pre-petition arrearage in the amount $26,532.22.

11) Creditor states in its Response to Notice of Final Cure Payment for Claim #8 that Debtor still has a pre-petition arrearage in the amount $9,149.98.

12) Debtor is current on his post-petition mortgage payments.

13) Both parties agree to strike the pre-trial and Evidentiary Hearing dates set for September 11 and September 16, 2020, respectfully and agree to a briefing schedule for Debtor's motion.

14) Both parties stipulate that issue to be resolved is:

> Whether Debtor's mortgage is reinstated according to its original terms since Debtor has cured the mortgage arrears listed in his Chapter 13 plan in Paragraph 5 of Section E and made all post-petition mortgage payment and whether Creditor's right to recover any further pre-petition arrearage is extinguished?

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor
David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
davidsiegelbk@gmail.com


/s/ Aaron D. White, Jr.
Aaron D. White, Jr. A.R.D.C. #6301177
Attorney for State Bank of the Lakes
CHUHAK & TECSON, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 444-9300
awhite@chuhak.com