## THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| | ) Case No. 15-41449 |
| Roudell Kirkwood, | ) |
| | ) Hon. Judge A. Benjamin Goldgar |
| Debtor. | ) |
| | ) |

## RESPONSE OF STATE BANK OF THE LAKES TO DEBTOR'S MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT

State Bank of The Lakes ("Creditor"), a secured creditor in the above-captioned case, by its undersigned attorneys, states as its response to Debtor's Motion for Determination of Final Cure and Payment ("Motion"), pursuant to Federal Rule of Bankruptcy Procedure 3002.1, as follows:

### INTRODUCTION

On December 8, 2015, the Debtor, Roudell Kirkwood ("Debtor"), filed for relief under Chapter 13 of Title 11 of the Bankruptcy Code. Joint Stipulation of Facts ("JSOF") (Doc. No. 65) ¶ 1. The Debtor's amended bankruptcy plan was confirmed on April 29, 2016. JSOF ¶ 2. Creditor has a secured interest in the Debtor's property, commonly known as 1511 Laurel Avenue, Waukegan, Illinois 60085 ("Property"), by virtue of: (1) a first mortgage executed by Debtor in favor of Creditor, and dated April 26, 2006, to secure a note in the principal amount of $118,000.00 ("First Mortgage"); and (2) a second mortgage executed by Debtor in favor of Creditor, and dated April 26, 2006, to secure a note in the principal amount of $50,000, as subsequently modified ("Second Mortgage" and collectively with the First Mortgage, "Mortgages"). Due to issues with its prior counsel, Creditor did not file claims or an objection to Debtor's plan. Rather, Debtor filed claims on behalf of Creditor for the Mortgages, JSOF ¶ 5; he subsequently finished his plan payments in June 2020. JSOF ¶ 6.

Case 15-41449   Doc 66   Filed 09/14/20   Entered 09/14/20 23:42:26   Desc Main
Document     Page 2 of 4

Creditor claims that pre-petition arrearages of $26,532.22 and $9,149.98 remain due and owing on the First and Second Mortgages, respectively, JSOF ¶¶ 10-11, because the claims filed by Debtor significantly underestimated the actual arrearages. The parties do not dispute the amount of the additional pre-petition arrearages but rather whether any additional pre-petition arrearage legally exists now that Debtor has completed his plan payments. *See* JSOF ¶ 14. For the reasons discussed below, the additional pre-petition arrearages survive the bankruptcy, at least insofar as Creditor can enforce its liens against the Property to recover those amounts.

## ARGUMENT

Bankruptcy courts have consistently held that a secured creditor is not required to file a claim to preserve its lien against real estate. *See, e.g.*, *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015); *In re Lane*, 959 F.3d 1226, 1229-30 (9th Cir. 2020); *In re Matteson*, 535 B.R. 156, 161-62 (6th Cir. B.A.P. 2015). A secured creditor who does not file a claim "can still enforce its lien through a foreclosure action, even after the debtor receives a discharge." *In re Pajian*, 785 F.3d at 1163 (citing *In re Pendrod*, 50 F.3d 459, 461-62 (7th Cir. 1995). "In other words, a secured creditor's lien is largely unaffected by the bankruptcy discharge, regardless of whether the creditor filed a proof of claim." *Id.* In fact, a secured creditor might even intentionally "decide to bypass the bankruptcy proceeding and not file a proof of claim," choosing instead to "enforc[e] its claim against the collateral." *In re Lane*, 959 F.3d at 1229 (citing *In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015)).

The Bankruptcy Code also permits debtors and trustees to file a claim on behalf of secured creditors. *See* 11 U.S.C. § 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or trustee may file a proof of such claim."); *see also* Fed. R. Bankr. P. 3004. In a chapter 13 case, the debtor has an interest in filing an accurate claim to "ensure that the plan can operate effectively to cure defaults and pay obligations of the debtor." *In re*

4846-8153-2363.v1.24182.65525

*Matteson*, 535 B.R. at 164. The purpose of this provision is "mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan." *In re D.A. Behrens Enterprises, Inc*, 33 B.R. 751, 752 (Bankr. M.D. Pa. 1983) (citing the applicable legislative history).

In this case, the parties do not dispute that Creditor did not file its own claims for the Mortgages. However, that fact does not prevent Creditor from enforcing its liens in a post-bankruptcy foreclosure action, as the liens survive. *See, e.g.*, *In re Pajian*, 785 F.3d at 1163. Creditor might not be able to pursue Debtor *personally* for the additional pre-petition arrearages, but it can enforce its *liens* against the Property. *See id.* Debtor has failed to cite in the Motion any case law to the contrary.

Moreover, Debtor should not be permitted to underestimate the pre-petition arrearages by approximately $36,000 and then have those amounts discharged. Such a result effectively modifies Creditor's rights under the Mortgages in contravention of the Bankruptcy Code. Section 1322(b)(2) of the Bankruptcy Code provides, in part, that a chapter 13 debtor's plan "may modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (emphasis added). Under this provision, a "Mortgagee's *in rem* rights to satisfy its claim against the Debtor's residence cannot be modified by the confirmation of any plan." *In re MacKenzie*, 314 B.R. 277, 281 (Bankr. D.N.H. 2004) (citing 11 U.S.C. § 1322(b)(2); *Nobelman v. Am. Sav. Bank*, 508 U.S. 324 (1993)). Creditor's sole collateral for its claim is a security interest in the Property, and Debtor maintains the Property as his principal residence. *See* Petition at 2, Sched. D. Accordingly, the anti-modification provision applies. Despite language to the contrary in the confirmed plan, Debtor is not permitted to modify, and eliminate, Creditor's right to enforce its

- 3 -

liens against the Property for the additional pre-petition arrearages due and owing.

For the reasons discussed above, Creditor is entitled to enforce its liens against the Property for the additional pre-petition arrearages due and owing on the Mortgages following discharge. Therefore, the Motion should be denied.

WHEREFORE, State Bank of The Lakes prays that this Court enter an order:

A.      Denying the Motion;

B.      Finding that Creditor can enforce its liens against the Property for the additional pre-petition arrearages due and owing on the Mortgages; and

C.      Granting such other and further relief as this Court deems just and proper.

STATE BANK OF THE LAKES

By: Aaron D. White, Jr.
  One of Its Attorneys

Aaron D. White, Jr. (#6301177)
CHUHAK & TECSON, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606
(312) 855-6414
awhite@chuhak.com

## CERTIFICATE OF SERVICE

I, Aaron D. White, Jr., an attorney, certify that a copy of the foregoing was served on all parties receiving notice through the Court's ECF Filing System on September 14, 2020.

/s/ Aaron D. White, Jr.

4846-8153-2363.v1.24182.65525